UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KURT WILLIAM GASTREICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-CV-00067 RWS |
| | ) | |
| BOLLINGER COUNTY, MISSOURI, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. Plaintiff filed the instant action on April 25, 2025. However, it appears that plaintiff filed the same, or a similar action in this Court against the same or similar defendants, on or about September 25, 2024. *See Gastreich v. Bollinger County, Missouri*, No. 1:24-CV-00177 SEP (E.D.Mo.).

Briefly summarized, plaintiff alleges that he was subject to false arrest, false imprisonment, malicious prosecution, due process violations, First Amendment retaliation and a conspiracy to violate his civil rights when he was arrested and charged with tampering with a judicial officer and felony harassment in September of 2023 in Bollinger County, Missouri. Plaintiff asserts that he was unlawfully imprisoned for seventeen (17) months before he was released on a "fabricated" probable cause affidavit after he accused his neighbor of running a methamphetamine manufacturing and sale business out of her home with the protection of the Bollinger County Sheriff's Office. Plaintiff believes his unlawful arrest was done not only to "chill" his speech, but also to stop him from exposing the corruption in Bollinger County. He seeks monetary damages in this action against defendants.

Rule 42(a) of the Federal Rules of Civil Procedure provides, in relevant part, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the

actions." "Whether to consolidate actions under Rule 42(a) is vested in the court's discretion," and "the district court can consolidate actions *sua sponte*." *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (internal citations omitted). Here, each complaint alleges civil rights violations based upon common questions of both law and fact against the same or similar defendants. And the Court believes that consolidation would serve the interests of justice and avoid unnecessary costs and promote judicial efficiency. Moreover, pursuant to Local Rule 4.03, the cases must be consolidated into the lowest case number.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall consolidate the instant action into *Gastreich v. Bollinger County, Missouri*, No. 1:24-CV-00177 SEP (E.D.Mo.).

**IT IS FURTHER ORDERED** that the Clerk shall file plaintiff's complaint in the instant action as an amended complaint in *Gastreich v. Bollinger County, Missouri*, No. 1:24-CV-00177 SEP (E.D.Mo.).

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] filed in the instant matter shall be administratively terminated. This motion shall not be transferred to *Gastreich v. Bollinger County, Missouri*, No. 1:24-CV-00177 SEP (E.D.Mo.).

**IT IS FURTHER ORDERED** that this Memorandum and Order shall be filed in both the instant action and in *Gastreich v. Bollinger County, Missouri*, No. 1:24-CV-00177 SEP (E.D.Mo.).

**IT IS FURTHER ORDERED** that the Clerk shall thereafter **ADMINISTRATELY CLOSE** the instant action.

Dated this 5th day of May, 2025.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE